# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ACCELERANT SPECIALTY INSURANCE COMPANY,**

       **Plaintiff,**

v.                               Case No: 6:23-cv-134-PGB-LHP

**THERESA TRAN, CHICAGO AQUALEISURE, LLC and JOSEPH NEVERAUSKAS,**

       **Defendants.**

_____/

## ORDER

This cause comes before the Court on:

1. The Court's Order to Show Cause (Doc. 60) and Plaintiff Accelerant Specialty Insurance Company's ("**Plaintiff**") Response (Doc. 61);

2. Defendant Joseph Neverauskas's ("**Neverausakas**") Motion to Dismiss Crossclaims (Doc. 56) and Defendant/Cross-Plaintiff Theresa Tran's ("**Tran**") Response (Doc. 59); and

3. Neverauskas's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 46) and Plaintiff's Response (Doc. 57).

Upon due consideration, the Court finds that venue is improper in the Middle District of Florida and Plaintiff did not join necessary parties over whom the Court lacks personal jurisdiction, and thus, the entire action should be dismissed.

I. **BACKGROUND**

On August 13, 2022, a chartered mini-yacht insured by Plaintiff—sailing on a portion of Lake Michigan near Chicago—backed over bathers Marija Velkova, Lana Batochir, and Jacob Houle, causing serious injuries. (Doc. 21, ¶¶ 13, 16–20; Doc. 46, p. 2). Captain Neverauskas was piloting the boat, which is owned and managed by Chicago AquaLeisure and Tran. (Doc. 21, ¶ 17; Doc. 21-1). Velkova, Batochir, and Houle (collectively, the "**Injured Bathers**") sued all three of the aforementioned parties for their injuries. (Docs. 46-1, 46-2, 46-3). Accordingly, all three Defendants seek coverage under the boat's insurance policy—an eroding policy that provides $75,000.00 in hull coverage and a $1,000,000.00 combined single limit for third-party liability coverage, from which funds to defend a claim are deducted. (Doc. 21, ¶¶ 12, 21; Doc. 21-1.)

Looking to avoid coverage, Plaintiff sued Defendants seeking declaratory judgment that the insurance policy is void. (Doc. 21). As grounds, Plaintiff alleges Defendants breached the policy's Fire Suppression Warranty (Count I), Survey Compliance Warranty (Count II), the doctrine of *uberrimae fidei* (Count III), and General Condition against misrepresenting material facts (Count IV). (*Id.* at ¶¶ 25–70). Plaintiff additionally alleges Neverauskas provided late notice of the loss, presenting a complete defense to coverage (Count V). (*Id.* at ¶¶ 71–77). Chicago AquaLeisure and Tran answered Plaintiff's Amended Complaint with counterclaims for breach of contract and declaratory judgment, contesting venue.

(Doc. 33, pp. 12–18; Doc. 34, pp. 11–18). Both additionally filed crossclaims for negligence against Neverauskas. (Doc. 33, pp. 19–23; Doc. 34, pp. 19–23).

Neverauskas moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join the Injured Bathers, who are allegedly indispensable parties. (Doc. 46). Plaintiff replied that the Injured Bathers are not required parties because they lack a sufficient interest in the litigation. (Doc. 57). Neverauskas also moved to dismiss Tran's crossclaim. (Doc. 56). Tran responded by requesting the Court transfer the crossclaim to Illinois as a more convenient venue under 28 U.S.C. § 1404(a). (Doc. 59). The Court additionally ordered Plaintiff to show cause why venue in the Middle District of Florida is proper. (Doc. 60). Plaintiff replied that it is enough that Defendants' insurance agent resides in Florida and, alternatively, Defendants waived improper venue in various ways. (Doc. 61). With briefing complete, the matters are ripe.

## II.  Analysis

### A.  Improper Venue

The Court raises the issue of venue *sua sponte* as to Plaintiff's Amended Complaint. (Doc. 60). Objecting to defective venue is a defendant's procedural right that may be waived or, in the absence of waiver, raised by the Court on its own motion. *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). Venue is proper when a case was filed in either:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

> substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If it was not, "then venue is improper, and the case must be dismissed or transferred under 28 U.S.C. § 1406(a)." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). Venue must be established over each defendant. *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990). Plaintiff bears "the burden of showing that venue in its chosen forum is proper." *Maresca v. Marela, LLC*, No. 6:09-CV-1386-ORL-19DAB, 2010 WL 745755, at *1 (M.D. Fla. Feb. 26, 2010).

In this case, Plaintiff failed to meet that burden. Venue in the Middle District of Florida does not meet the statutory requirements in § 1391(b)(2)—the only provision under which venue would be proper here since Defendants reside in Illinois. For purposes of § 1391(b)(2), the Eleventh Circuit holds "only those locations hosting a 'substantial part' of the events" with "a close nexus to the wrong" are to be considered. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). The Court ordered Plaintiff to identify what "substantial part of the events or omissions giving rise to the claim occurred" in Florida. (Doc. 60, p. 3). In response, Plaintiff states only the insurance policy in question "was negotiated and delivered to the insured's agent in Florida," but nothing else. (Doc. 61, p. 3). According to the Amended Complaint, the cause of action exclusively concerns events that occurred in Illinois, as well as a boat harbored there. (Doc. 21, ¶¶ 33–

4

41, 48–51, 59, 66). The residence of an insurance agent—who had nothing to do with the boating accident or alleged policy breaches—does not suffice to prove the statutory venue requirements have been met.

That being the case, Plaintiff next argues that venue is not defective because Defendants have waived their objections to it. *See Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985) (holding waiver cures any defect in venue). A district court may not step in *sua sponte* and dismiss an action under § 1406(a) where a defendant has waived venue. *Aero Techs., LLC v. Lockton Cos. Intern. Ltd.*, 406 F. App'x 440, 441 (11th Cir. 2010). Waiver "is the intentional relinquishment or abandonment of a known right" determined by "the actions of the person who held the right." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022) (internal quotation omitted). Parties waive objections to venue by failing to assert them in the first motion made under Federal Rule of Civil Procedure 12 or a responsive pleading. *See* FED. R. CIV. P. 12(h). Venue may also be waived by contract. *In re Fireman's Fund Ins. Cos., Inc.*, 588 F.2d 93, 95 (5th Cir. 1979).[1]

Plaintiff first asserts that Defendants waived any objections to venue by assenting to the forum-selection clause in the insurance policy. The clause reads:

> "It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which You the Assured resides or

---

[1] The Eleventh Circuit holds cases handed down by the Fifth Circuit prior to October 1, 1981 shall constitute binding precedent unless overruled en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

>    the Federal District court within which your insurance agent resides."

(Doc. 21-1, p. 18). "Forum selection clauses are interpreted according to ordinary contract principles" and are frequently categorized as either permissive or mandatory, or a hybrid clause allowing a permissive choice of venue in bringing suit coupled with a provision binding those sued to the forum in which the action is brought. *Ocwen Orlando Holdings Corp. v. Harvard Prop. Tr., LLC*, 526 F.3d 1379, 1381 (11th Cir. 2008). Forum-selection clauses intending to waive venue usually contain provisions expressly prohibiting any objection to it. *E.g.*, *AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1296 (11th Cir. 2022) (finding waiver where forum-selection clause required defendant to "waive any objection [he] might have to either the jurisdiction of or venue in those courts").

In this case, the forum selection clause grants a choice of forum exclusively in federal court in either the district where Defendants reside, or their insurance agent resides. (Doc. 21-1, p. 18). But the clause does not contain an explicit waiver of Defendants' ability to object to venue in the selected forum—or even mention venue at all. (*Id.*) Contractual consent to jurisdiction in multiple fora does not automatically bind a defendant to litigating in the forum where the action is brought. *See Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (finding a clause placing venue in a specific county did not automatically restrict litigation to the state court venue where the action was brought); *cf. Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939) (noting the historic distinction between jurisdiction and venue); *Garay v. BRK*

6

*Electronics*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991) (noting "a plaintiff's choice of forum is entitled to less consideration where the operative facts underlying the cause of action did not occur within the chosen forum"). Faced with a clause allowing suit in one of two fora, the Court will not read into the insurance policy a provision requiring absolute submission by Defendants to whichever forum the suing party chooses—which Plaintiff, the drafter of the agreement, chose not to include. *See Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985) (unclear contract provision is to be construed against the drafter). If Plaintiff intended to permit suit only in the forum in which the action was brought, "it could easily have stated that intention precisely." *Glob. Satellite*, 378 F.3d at 1274.

Next, Plaintiff advances, baselessly, that Tran and Chicago AquaLeisure waived venue by failing to file Rule 12(b)(3) motions. (Doc. 61, p. 5). Both Tran and Chicago AquaLeisure asserted an improper venue defense in their answers without filing any Rule 12 motions. (Docs. 33, 34). A party waives improper venue by filing a pre-answer Rule 12 motion *or* a responsive pleading omitting the defense. *Lipofsky*, 861 F.2d at 1258; *Aero Techs.*, 406 F. App'x at 441 (citing FED. R. CIV. P. 12(g)(2), (h)(1)(A)). "Including [the defense] in a responsive pleading" without filing a Rule 12 motion clearly does not waive venue. FED. R. CIV. P. 12(h)(1)(B)(ii). However, as Plaintiff observes, Neverauskas filed a pre-answer Rule 12(b)(7) motion without raising improper venue (Doc. 46) and so waived the defense. *Id.*

For the foregoing reasons, venue in the Middle District of Florida is improper as to Tran and Chicago AquaLeisure and so the action against them must

be dismissed or, if in the interest of justice, transferred. *See Atl. Marine*, 571 U.S. at 56 (citing 28 U.S.C. § 1406(a)). Because no party has demonstrated a clear preference for transfer over dismissal of this proceeding and this Court sees no reason that the claims cannot be promptly refiled in the proper venue, the Court declines to exercise its discretion to transfer this case. *See Rolland Studios, Inc. v. E-Max Grp., Inc.*, No. 09-60702-CIV, 2009 WL 10701040, at *1 (S.D. Fla. Aug. 20, 2009) ("[T]he Court will not exercise discretion to transfer a case to another federal district court, when that action is not being requested."); *Ploharski v. EBay Inc.*, No. 1:00-CV-0799, 2000 WL 35778242, at *7 n.9 (N.D. Ga. Aug. 2, 2000) (declining to transfer a case to proper venue where "neither party has requested a transfer" and the plaintiff "[p]resumably … will have no difficulty refiling . . . in the appropriate venue"). Therefore, the case is dismissed as to Defendants Tran and Chicago AquaLeisure under 28 U.S.C. § 1406(a).

### B.     Rule 12(b)(7) Motion

Pursuant to Federal Rule of Civil Procedure 19, necessary and indispensable parties must be joined to an action "when feasible." To determine if a party is necessary and indispensable, the court applies a two-part test. "First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible." *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) Second, if joinder of a necessary person is not feasible—for example, the person is not subject to personal jurisdiction—a court must determine "whether the Rule 19(b) factors permit the

8

litigation to continue if the party cannot be joined, or instead whether they are indispensable." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th Cir. 2014).

"A person is a required party—or a necessary party—when (1) 'in that person's absence, the court cannot accord complete relief among existing parties,' or (2) where the absent party claims an interest relating to the action, disposing of the action without the absent party may 'as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.'" *Santiago v. Honeywell Int'l, Inc.*, 768 F. App'x 1000, 1004 (11th Cir. 2019) (quoting Fed. R. Civ. P. 19(a)).

If a party is found to be a necessary party, "Rule 19(b) then sets forth four nonexclusive factors that must be examined in each case to determine whether, in equity and good conscience, the court should proceed without a party whose absence from the litigation is compelled." *Id.* (quotation omitted). These factors include: "(1) how prejudicial a judgment would be to the nonjoined and joined parties"; (2) "whether the prejudice could be lessened depending on the relief fashioned"; (3) "whether the judgment without joinder would be adequate"; and (4) "whether the plaintiff would have any alternative remedies were the case dismissed for nonjoinder." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999).

Here, Neverauskas argues that the Injured Bathers—Velkova, Batochir, and Houle—are necessary and indispensable parties who cannot be joined because this Court lacks personal jurisdiction over them. (Doc. 46). The Eleventh Circuit has held that underlying tort claimants suing an insured are required parties to an insurer's action for declaratory judgment regarding a duty to defend or indemnify the insured in the underlying action. *Ranger Insurance Co. v. United Housing of New Mexico*, 488 F.2d 682, 683 (5th Cir. 1974) (reasoning the underlying claimants were necessary because they had an interest in ensuring the insured had the resources to pay a judgment if they obtained one); *Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 F. App'x 540, 542 (11th Cir. 2005) (same). This case is no different.

The Injured Bathers are not materially distinguishable from the tort claimants in *Ranger*, who were indispensable. 488 F.2d at 683–84. First, the Injured Bathers have an interest in ensuring Defendants have the means to pay a judgment against them, which would be impaired if disposed of in their absence, requiring additional litigation that could result in inconsistent judgments. Their joinder is infeasible because this Court lacks personal jurisdiction over them. *See Hanson v. Denckla*, 357 U.S. 235, 245 (1958) (holding indispensable party over whom the court had not obtained personal jurisdiction necessary to the judgment). In the Injured Bathers' absence, a judgment in this case would not bind them— resulting either in prejudice by potentially forcing relitigation of the coverage issue, or a judgment that does not accord complete relief to the parties. *See Ranger*, 488

F.2d at 683–84. And last, adequate alternative remedies exist when a plaintiff could sue effectively in another forum where better joinder would be possible. *Id.* at 684; *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 889 (5th Cir. 1968). Here, Plaintiff concedes that the insurance policy "would also permit this action to be brought in the Northern District of Illinois, where there seems to be no doubt that the tort victims could be joined." (Doc. 57, p. 4). The Injured Bathers are therefore necessary and indispensable, and the action should be dismissed in their absence.

In asserting the contrary, Plaintiff points to an Eleventh Circuit case denying intervention as of right to a tort claimant in a declaratory action brought by an insurer against an insured. *See Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). Interpreting Federal Rule of Civil Procedure 24(a)(2), the *Mt. Hawley* court determined a tort claimant must have a "legally protectable" interest "which the *substantive law* recognizes as belonging to or being owned by the [claimant]" in order to intervene. *Id.* The tort claimant's "purely economic" and "speculative" interest in recovering a potential judgment would not qualify. *Id.* In other words, the Rule 24 claimant must have secured an actual judgment against the insured. *Id.* at 1311–12.

Admittedly, some tension would appear to exist between *Ranger*'s holding that a claimant is required under Rule 19(a)(1)(B)(i) and *Mt. Hawley*'s holding that a claimant does not have a protectable interest under Rule 24(a)(2). *See* FED. R. CIV. P. 24 advisory committee's note to 1966 amendment (describing Rule 24(a)(2)

11

as "a kind of counterpart" to Rule 19(a)(1)(B)). However, similar words and phrases must not be viewed in isolation, but rather in their context and with a view to their place in the overall scheme "as a whole." *See Burns v. Lawther*, 53 F.3d 137, 1241 (11th Cir. 1995) (per curiam). While acknowledging "the almost, if not quite, uniform language" between the two rules and the "deliberate efforts" by the Advisory Committee to "dovetail" them in 1966, the former Fifth Circuit expressly declined to interpret Rule 24(a)(2) and Rule 19(a)(1)(B) as rigidly coextensive. *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 825 (5th Cir. 1967). In the years since, the Eleventh Circuit has not cabined Rule 19(a)(1)(B) to only those persons who claim a "direct, substantial, and legally protectable" interest in the subject of the action—and "[g]iven the ruling in [*Ranger*], which held the tort claimants to be necessary parties even without a legally protected interest as defined in [*Mt. Hawley*], it could not easily do so." *White-Spunner Constr., Inc. v. Zurich Am. Ins. Co.*, No. 10–158–WS–C, 2010 WL 3489956, at *4, n.5 (S.D. Ala. Aug. 30, 2010).

Courts in this circuit have long treated the interests under consideration for Rule 19(a) to extend beyond those legally protectable. Following the 1966 Amendments, the former Fifth Circuit held district courts "have broad discretion" to identify individuals who should be joined if feasible, which the Supreme Court described as a "large category."[2] By contrast, the former Fifth Circuit adopted a "somewhat narrow reading of the term 'interest'" in Rule 24(a), in line with its

---

[2] *English v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 47 (5th Cir. 1972) (acknowledging courts "traditional broad discretion to order joinder under Rule 19"); *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118 (1968) ("large category").

12

historical constraints and the intent of its drafters. *United States v. Perry Cnty. Bd. of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978). Textual differences between the rules further demonstrate that the requirements for a necessary party are broader than for intervention. *Compare* FED. R. CIV. P. 24, *with* FED. R. CIV. P. 19. A required party has "an interest relating to the subject of the action," which is concerned with "pragmatic considerations" rather than "the technical or abstract character of the rights or obligations of the persons whose joinder [is] in question." *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970) (explaining the focus of Rule 19 is on "pragmatic considerations" rather than "the technical or abstract character of the rights or obligations of the persons whose joinder [is] in question"). An intervener has "an interest relating to *the property or transaction* that is the subject of the action." *See Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) (noting intervention historically considers "an interest in the property or other rights that are at issue," as opposed to the completeness of relief a court may grant or the potential for repeated lawsuits). It follows that the phrase "an interest relating to the subject of the action" in Rule 19(a) casts a wider net than the interests contemplated by Rule 24(a)(2). *See* FED. R. CIV. P. 19(a)(1)(A), (B)(ii). Accordingly, a person claiming "an interest relating to the subject of the action" that would not provide for intervention as of right may still be a required party—like a tort claimant suing an insured. *See Ranger*, 488 F.2d at 683.

Even to the extent *Ranger* and *Mt. Hawley* were to conflict, this Court is obligated to follow the earlier precedent. *Monaghan v. Worldpay US, Inc.*, 955

13

F.3d 855, 862 (11th Cir. 2020) ("Our adherence to the prior-panel rule is strict, but when there are conflicting prior panel decisions, the oldest one controls."). Plaintiff unconvincingly attempts to graft the holding in *Mt. Hawley* onto *Ranger* because the tort claimants in that case did secure a judgment against the insured before the appeal's conclusion. (Doc. 57, pp. 7–8). But the *Ranger* claimants had *not* obtained a judgment at the time of the original Rule 19 dismissal, which the former Fifth Circuit affirmed based on "the possibility," not the "actuality," of the claimants "obtaining a judgment against the insureds." 488 F.2d at 682–83. In a subsequent unpublished case, the Eleventh Circuit applied *Ranger* in affirming that underlying tort claimants who had not yet obtained a judgment were indispensable parties. *Am. Safety Cas. Ins. Co.*, 129 F. App'x at 542. District courts confronting this issue have largely resolved to follow *Ranger*—either determining themselves bound to follow the earlier precedent or finding that *Mt. Hawley* does not bear on whether a tort claimant is a required party under Rule 19. *Hanover Ins. Co. v. Fla. Coal. Against Domestic Violence Inc.*, 4:20-CV-148-RH-MAF, 2020 WL 5900962, at *2 (N.D. Fla. Sept. 1, 2020); *White–Spunner Construction*, 2010 WL 3489956, at *4, n.5; *Lexington Ins. Co. v. Moore Stephens Tiller, LLC*, 1:16-CV-0114-LMM, 2016 WL 9453996, at *3 (N.D. Ga. Apr. 29, 2016); *Davis v. BancInsure, Inc.*, No. 3:12-CV-113-TCB, 2013 WL 1226491, at *7 (N.D. Ga. Mar. 18, 2013). This Court will continue in their well-reasoned footsteps. Neverauska's Rule 12(b)(7) motion is therefore granted.

### C.  Crossclaims

Both Tran and Neverauskas agree the proper forum for litigating crossclaims is in Illinois. (Doc. 34, p. 20; Doc. 56, pp. 7–9; Doc. 59, ¶¶ 22–23). In its crossclaim, Chicago AquaLeisure also asserts proper venue is in Illinois. (Doc. 33, p. 20). Neverauskas argues that Tran's crossclaim should be dismissed for improper venue—but did so by invoking Federal Rule of Civil Procedure 12(b)(6), which does not address venue. (Doc. 46, p. 9). Tran responds that the Court should transfer the action to Illinois under § 1404(a). (Doc. 59, ¶¶ 22–24).

Instead, the Court will exercise its power to raise defective venue *sua sponte* under 28 U.S.C. § 1406(a) in the presence of the parties' position on the issue. *Lipofsky*, 861 F.2d at 1258. As previously explained, venue in the Middle District of Florida is improper because a substantial portion of the events did not occur here—which Neverauskas, Tran, and Chicago AquaLeisure do not contest. *See infra* Part II.A. Given that the underlying action was dismissed and the parties may easily refile their claims, the Court finds dismissal of all crossclaims to be appropriate here. Neverauska's Motion to Dismiss Crossclaims is therefore moot.

### III.  CONCLUSION

Accordingly, it is **ORDERED** that:

1. Venue is improper as to Defendants Tran and Chicago AquaLeisure.
2. Neverauska's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 46) is **GRANTED**.

3. Neverauska's Motion to Dismiss Tran's Crossclaims (Doc. 56) is **DENIED AS MOOT**.

4. Plaintiff's Amended Complaint (Doc. 21), as well as Defendants' Counterclaims and Crossclaims (Docs. 33, 34) are **DISMISSED**.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on November 7, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

16